**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Alfredo VARELA–ORTIZ,
Defendant–Appellant.**

No. 06–2057.

United States Court of Appeals,
Tenth Circuit.

July 27, 2006.

Terri J. Abernathy, Office of the United States Attorney, Las Cruces, NM, for Plaintiff–Appellee.

Alfredo Varela–Ortiz, Big Spring, TX, pro se.

Before MURPHY, SEYMOUR, and McCONNELL, Circuit Judges.

### ORDER*

MICHAEL W. McCONNELL, Circuit Judge.

Jose Alfredo Varela–Ortiz, a federal prisoner proceeding *pro se,* seeks a certificate of appealability (COA) that would allow him to appeal the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Varela–Ortiz has failed to make "a substantial showing of the denial of a constitutional right," we **DENY** his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

### I. Background

In 2002, Mr. Varela–Ortiz, a Mexican citizen, pleaded guilty to possession with intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. *See United States v. Varela–Ortiz,* 149 Fed.Appx. 762, 763 (10th Cir.2005) (unpublished opinion). He was sentenced to 18 months in prison, followed by 3 years of supervised release. *Id.* On June 5, 2004, Mr. Varela–Ortiz was arrested and charged with illegally re-entering the United States after deportation. *Id.* He pleaded guilty and was sentenced to 46 months in prison, again to be followed by 3 years of supervised release.

On direct appeal before this Court, Mr. Varela–Ortiz argued that the district court committed non-constitutional *Booker* error

by imposing his 46–month sentence pursuant to the then-mandatory Guidelines. *Id.* at 764; *see United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirmed the sentence, finding that although the district court had committed plain error, Mr. Varela–Ortiz failed to show that the error was " 'particularly egregious'." *Varela–Ortiz,* 149 Fed. App'x at 764 (quoting *United States v. Gonzalez–Huerta,* 403 F.3d 727, 736 (10th Cir.2005)).

On November 30, 2005, Mr. Varela–Ortiz filed a motion in the district court to vacate or reduce sentence pursuant to 28 U.S.C. § 2255. He argued that the sentence exceeded the statutory maximum for his offense and that the district court improperly enhanced the sentence because the indictment did not charge a prior conviction. He also argued that the district court erred in calculating his sentence by applying the Sentencing Guidelines in a mandatory manner. The district court dismissed the first claim, finding that the indictment specifically mentioned Mr. Varela–Ortiz's prior aggravated felony conviction and that the court was therefore authorized to enhance the sentence under 8 U.S.C. § 1326(b)(2). The district court also adopted this Court's previous disposition on the *Booker* issue and dismissed Mr. Varela–Ortiz's § 2255 motion.

### II. Discussion

The denial of a motion for relief under § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).

Mr. Varela–Ortiz first argues that his enhanced sentence amounted to a violation of due process because the government did not mention a prior conviction in the indictment charging him with illegal reentry. However, as the district court pointed out, the indictment plainly charged that Mr. Varela–Ortiz had previously been convicted of possession of cocaine with intent to distribute, an aggravated felony. R. Doc. 4, p. 1; No. 04 CR1387, Doc. 8. Because of Mr. Varela–Ortiz's prior conviction, the statutory maximum sentence under § 1326(a) did not apply and the district court could sentence him in accordance with § 1326(b)(2), which carries a statutory maximum of twenty years.

Mr. Varela–Ortiz also argues that the district court erred in sentencing him according to the Guidelines and that his sentence is unreasonable in light of *Booker.* Because we already disposed of this issue on direct appeal, Mr. Varela–Ortiz may not raise it again in a § 2255 petition. *See United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994); *United States v. Prichard,* 875 F.2d 789, 791 (10th Cir. 1989).

Finally, Mr. Varela–Ortiz asks us to determine whether, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the validity of the Supreme Court's holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), must be reconsidered. We have no authority to decide this question, nor can we divine how the Supreme Court might decide it. *See United States v. Michel,* 446 F.3d 1122, 1133 n. 4 (10th Cir.2006) ("Unless and until

the Supreme Court determines otherwise, we will continue to follow the rule laid out in *Almendarez–Torres.*").

For the foregoing reasons, we find that Mr. Varela–Ortiz has failed to make a substantial showing of a denial of a constitutional right. Accordingly, we **DENY** his request for a COA and **DISMISS** this appeal.